O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GENCARELLI,<br><br>        Plaintiff,<br><br>    v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION; JIM GIANOPULOS, CEO; CHERNIN ENTERTAINMENT, LLC; PETER CHERNIN, CEO; and JENNO TOPPING,<br><br>        Defendants. | Case No. 2:17-cv-02818-ODW(AJW)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT [18]** |

## I. INTRODUCTION

Defendant Twentieth Century Fox Film Corporation ("Fox") moves to dismiss and strike *pro se* Plaintiff James Gencarelli's Second Amended Complaint.[1] (ECF No. 18.) In the alternative, Fox moves for a more definite statement of the case from Plaintiff. (*Id.*) For the reasons discussed below, the Court **DENIES** the Motion to Strike, **GRANTS** Defendant's Motion to Dismiss, and **GRANTS** Defendant's Motion

---

[1] Plaintiff filed a Complaint on April 13, 2017 (ECF No. 1), a First Amended Complaint on May 8, 2017 (ECF No. 9), and a document simply titled "Complaint" on May 12, 2017 (ECF No. 13). The Court construes this latter complaint as a Second Amended Complaint, and the operative complaint in this action.

for a More Definite Statement.[2]

## II. FACTUAL BACKGROUND

Plaintiff performed in the movie production of "The Greatest Showman" between January and March 2017. (Second Am. Compl. ("SAC") ¶ 13, ECF No. 13.) Chernin Entertainment ("Chernin") produced this film. (*Id.*) Chernin maintained control over the film's production and oversaw the activities around the show. (*Id.* ¶ 22.) Plaintiff alleges that, during his performance, he was subjected to deafening music from speakers around the production set. (*Id.* ¶ 14.) Plaintiff claims that this music exceeded the limits recommended by the Occupational Safety and Health Administration. (*Id.* ¶ 26.) At the time of his exposure to this loud music, Plaintiff claims he had to yield to the instructions of the production crew acting at the direction of Chernin and did not receive auditory protection that would have prevented his injuries. (*Id.* ¶¶ 18, 27.) Plaintiff now allegedly suffers from painful auditory injuries which will require extensive medical treatment. (*Id.* ¶ 19.) Furthermore, Plaintiff alleges he is not able to perform the duties of a husband. (*Id.* ¶ 31.) Plaintiff makes a single general statement that all of the factual allegations and any reference to Chernin also apply to Fox. (*Id.* at 2.)

Plaintiff filed the original complaint on April 13, 2017, and a First Amended Complaint on May 8, 2017. (ECF Nos. 1, 9.) On May 12, 2017, Plaintiff filed another complaint without leave of Court, which the Court construes as a Second Amended Complaint. (ECF No. 13.) Defendant responded with these motions on June 23, 2017. (ECF No. 18.) Those motions are now before the Court for decision.[3]

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable

---

[2] After carefully considering the papers filed in connection with the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[3] The Court does not consider Plaintiff's sur-replies, which were filed without leave of Court. (ECF Nos. 31, 32, 34.)

legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These factual allegations must provide fair notice and enable the opposing party to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the party. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Furthermore, a court may strike a pleading or portions of a pleading. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990). A court may strike an insufficient defense or any immaterial, redundant, or impertinent matter.

Fed. R. Civ. P. 12(f). Additionally, if a pleading is so vague and ambiguous that a party cannot reasonably prepare a response, the party may ask for a more definite statement of the pleading. Fed. R. Civ. P. 12(e). This request must be made before a response is filed, and it must explain the defects of the complaint. *Id.* If the pleading party fails to provide this statement, the court may strike the pleading. *Id.*

### IV. DISCUSSION

Plaintiff brings five causes of action: two claims for negligence, "emotional distress and duty of care," loss of consortium, and "breach of obligation." Fox, in response, moves to strike Plaintiff's Second Amended Complaint. Fox also moves to dismiss all of Plaintiff's claims against it for failure to allege legally sufficient claims. In the alternative, Fox requests a more definite statement from Plaintiff regarding his claims. The Court considers each in turn.

**A. Motion to Strike**

Fox argues that the Court should strike the Second Amended Complaint because Plaintiff failed to obtain leave to file such. Generally, a plaintiff may amend a pleading once as a matter of course within 21 days after a responsive pleading or motion is served. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave . . . it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *Drexel Burnham Lambert, Inc. v. Marrone*, No. CV 89-2329 JMI(Kx), 1989 U.S. Dist. LEXIS 15414, at *2. Here, Plaintiff submitted his Second Amended Complaint without permission from the Court. (ECF No. 13.) While the Court would normally strike such a complaint, the Court finds it unnecessary to do so here. Fox admits that the First Amended Complaint and Second Amended Complaint are "substantively identical" and that the same arguments and defenses would be used in either case. (Mot. 4 n.1, ECF No. 18.) It seems pointless to go through the

1 rigmarole of granting Fox's Motion, requiring Plaintiff to move for leave amend, and—in the likely event the Court grants such—adjudicating Fox's subsequent motion to dismiss—which would likely contain the same arguments as the ones Fox presses here. Thus, the Court declines to strike Plaintiff's Second Amended Complaint, and will instead consider Fox's substantive arguments.

**B.  Motion for a More Definite Statement**

Plaintiff's Complaint is vague and ambiguous with regards to which actions Fox allegedly committed and which actions Chernin committed. Plaintiff mentions Fox three times in the Complaint: to explain its corporate structure as a film studio (Compl. ¶ 9), to provide its location (*id.* ¶ 5), and to state that "Factual Allegations and All Reference to Chernin Entertainment for the Sake of Brevity will Apply to 20th Century Fox-Film Corp" (*id.* at 2). All other allegations reference only Chernin. However, it is unreasonable to infer that all the allegations apply equally to Chernin and Fox. For example, the Complaint alleges that "Chernin Entertainment was cursory and neglectful in the ownership and activities of its entertainment production company," but Fox is only described as a film studio and not a production company. (*Id.* ¶¶ 9, 25.) Plaintiff cannot rely on a single sentence attributing all allegations to both Chernin and Fox where the specific allegations against Chernin make it implausible to also ascribe them to Fox. In light of this, Fox cannot reasonably prepare a response to this Complaint without more information about its actual role in the alleged injury. Fox has yet to file a response to the Complaint and asks for more information regarding the statement of Plaintiff's claims and the causes of action against Fox specifically. (Mot. 9.) Therefore, Fox's request for a more definite statement regarding the allegations and facts against it is reasonable and complies with Federal Rules of Civil Procedure 12(e), and the Court grants Fox's request.

**C.  Motion to Dismiss**

Fox argues that Plaintiff's entire complaint fails to state a claim and should be dismissed. (Mot. 5.) Plaintiff argues, without specifically addressing Fox's concerns,

that he has appropriately pleaded the claims. (Opp'n 1, ECF No. 24.) The Court will consider each in turn.

### i. First and Second Claims for Negligence

Plaintiff has sufficiently pleaded a negligence claim against Chernin. A cause of action for negligence has four elements: duty, breach, causation, and damages. *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, No. 217CV00140ODWPLA, 2017 WL 985636, at *4 (C.D. Cal. Mar. 14, 2017). Every person is under a general duty to use reasonable care not to cause physical harm to another person. *See generally McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal. App. 4th 1011, 1017 (1997). Chernin breached that duty by playing music that was loud enough to cause damage to Plaintiff's hearing. Of course, as noted above, a negligence claim against Chernin does not necessarily state a negligence claim against Fox. It is unclear whether Plaintiff seeks to impose some form of vicarious liability as against Fox, or whether Fox's conduct was somehow independently wrongful. Thus, the Court dismisses this claim with leave to amend to clarify exactly what conduct Plaintiff seeks to hold Fox responsible for.

Plaintiff's second cause of action for negligence is more or less duplicative of the first cause of action. The Court therefore dismisses this claim. However, the Court grants leave to amend in the event Plaintiff is actually seeking to plead a different theory of negligence in this second claim.

### ii. Fourth Claim for Loss of Consortium

Plaintiff alleges that due to his injuries, his wife suffers from loss of society and consortium. (Compl. ¶ 31.) California law provides that a spouse, rather than the injured party, must make the claim for loss of consortium. *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 408 (1974) (deciding that each spouse has a cause of action for loss of consortium caused by a negligent or intentional injury to the other spouse by a third party); *see also Martinez v. Navy League of the United States*, No. 2:13-cv-5533-ODW(FFMx), 2014 U.S. Dist. LEXIS 17976, at *7 (C.D. Cal. Feb. 12,

2014) ("Loss of consortium is only available to the spouse of the directly injured party"). Plaintiff's wife is not a party in this suit. Plaintiff cannot seek to recover for loss of consortium arising from his own injuries. Therefore, Plaintiff's claim is legally insufficient. The Court dismisses this claim without leave to amend.

### iii. Third and Fifth Claims

Fox argues that Plaintiff's third claim for "emotional distress and duty of care" and the fifth claim for "breach of obligation" are not legally cognizable causes of action. (Mot. 7.) The Court agrees. "Breach of Obligation" is not a recognized cause of action, and even construing the complaint in the light most favorable to Plaintiff, the Court cannot discern what claim Plaintiff is pleading here. Similarly, "emotional distress and duty of care" is not a cognizable claim. That said, Plaintiff can recover for emotional distress as part of his negligence claim, or he can independently assert a claims for intentional or negligent infliction of emotional distress. The Court therefore dismisses these two claims with leave to amend to state a viable cause of action.

### iv. Worker's Compensation Exclusivity

Fox asserts that if these allegations against Chernin apply to Fox then Plaintiff's claims are barred by the exclusive remedy of worker's compensation because Plaintiff would be an employee of Fox. (Mot. 8.) Because the Court cannot conclude based on the current state of the complaint that Plaintiff is in fact asserting that he is a Fox employee, the Court declines to address this argument at this time.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Fox's Motion to Dismiss with leave to amend unless otherwise noted, **GRANTS** Fox's Motion for a More Definite Statement, and **DENIES** Fox's Motion to Strike. Plaintiff must file an amended complaint curing these deficiencies within 30 days of the date of this Order. Failure to do so will result in the Court dismissing the action for failure to prosecute.

Finally, the Court advises Plaintiff that a Federal **Pro Se Clinic** is located in the

United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal **Pro Se Clinic** offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Defendants may visit http://www.cacd.uscourts.gov/ and follow the link for "**Pro Se Clinic**—Los Angeles" or contact Public Counsel at 213–385–2977, extension 270. Plaintiffs are encouraged to visit the clinic, or seek the advice of an attorney, as this case proceeds.

**IT IS SO ORDERED.**

July 31, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**