1  JAMES GENCARELLI (PRO-SE)
   2185 Lemoine Ave
2  Fort Lee, New Jersey 07024
   201.951.0926 / 201.242.9425
3  E-mail: jimmygencarelli@gmail.com

4  MARTHA S. DOTY (SBN 143287)
   CASONDRA K. RUGA (SBN 237597)
5  LISA GARCIA (SBN 301362)
   **ALSTON & BIRD LLP**
6  333 South Hope Street, Sixteenth Floor
   Los Angeles, California 90071
7  Telephone: (213) 576-1000
   E-mail:  martha.doty@alston.com
8           casondra.ruga@alston.com
            lisa.garcia@alston.com
9
10 Attorneys for Defendants TWENTIETH
   CENTURY FOX FILM CORPORATION
11 and CHERNIN ENTERTAINMENT, LLC

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 | JAMES GENCARELLI, | Case No. 2:17-CV-02818-ODW (AJW) |
16 |  | Assigned to the Hon. Otis D. Wright, II – |
17 | Plaintiff, | Courtroom 5D |
18 | v. |  |
19 |  | **PROTECTIVE ORDER** |
20 | 20TH CENTURY-FOX FILM CORPORATION JIM GIANOPULOS, CEO (Individually) CHERNIN ENTERTAINMENT, LLC PETER CHERNIN, CEO (Individually) JENNO TOPPING (Individual) ET AL, |  |
24 | Defendants. |  |

It is stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order ("Order") shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged by the parties in this action. Disclosure and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or resolving this litigation is warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures, productions, or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; Federal Civil Local Rule 79-5 and the local rules of the District Court judge set forth the standards to be followed when a party seeks to file material under seal.

It is ORDERED as follows:

1. This Order shall govern all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, and intangible things including, but not limited to musical tracks, soundtracks and/or other recordings), that are produced or generated in disclosures or in response to discovery in this litigation ("Discovery Materials").

2. Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order. Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will be referred to as "Designated Materials." Any third party producing documents pursuant to a subpoena or otherwise may designate Discovery Materials pursuant to this Order

only if an authorized representative of the producing third party executes a written acknowledgment, substantially in the form of Exhibit 1 annexed to this Order, that the non-party has reviewed a copy of this Order, will comply with its terms, and will submit to adjudication by the District Court of any dispute regarding that third-party's designations under this Order, enforceable by and subject to the jurisdiction of the District Court as may be necessary.

    a. All designations must be made in good faith and on reasonable belief that the information or item being designated accurately meets the definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    b. A party or non-party that designates Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" ("Designating Party") must designate for protection, where practicable, only those parts of the material, documents, items, or communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    c. Except as otherwise provided in this Order, *e.g.*, with respect to deposition testimony as provided in Section 9(b) below, or as otherwise stipulated or ordered, disclosure of Discovery Materials that qualify for protection under this Order must be clearly so designated before being disclosed or produced. In the case of musical tracks, soundtracks and/or other recordings which are not tangible, the Designating Party will indicate the designation in a separate writing before being disclosed or produced.

    d. Materials marked "CONFIDENTIAL" shall be non-public Discovery Materials that the "Designating Party" in good faith believes qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, including, but not limited to, musical tracks, soundtracks,

scores, and/or other recordings, trade secrets or other confidential research, development, or commercial information.

    e. Materials marked "HIGHLY CONFIDENTIAL" shall be highly sensitive non-public Discovery Materials, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the Designating Party's competitive position or otherwise reveal internal business or strategic information whose disclosure could prejudice the Designating Party, including, but not limited to, musical tracks, soundtracks, scores, and/or other recordings, trade secrets or other confidential research, development, or commercial information.

  3. The party that receives Discovery Materials or Designated Materials ("Receiving Party") shall use the Discovery Materials or Designated Materials solely for purposes of this litigation between the parties, but not for any other purpose whatsoever (including that such materials may not be disseminated to the media or general public).

  4. Unless otherwise ordered by the District Court or permitted in writing by the Designating Party, the Receiving Party may disclose materials marked "CONFIDENTIAL" only to:

    a. any individual who is a party; any officer, director, or employee (including in-house counsel) of a party; or any former officer, director, or employee of a party to whom it is deemed reasonably necessary that the Designated Materials be shown for purposes of the litigation and who has executed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1) before being provided the Designated Materials;

    b. the Receiving Party's outside counsel, and employees of and independent contractors for outside counsel that are engaged in work for such counsel necessary to assist in this litigation. The term "outside counsel" shall mean the attorneys and their firms who have entered an

appearance in this case;

       c.     persons retained by a party or its counsel to serve as an expert witness or a consultant in this litigation to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1) before being provided the Designated Materials;

       d.     witnesses in the course of deposition where counsel has a reasonable and good faith belief that examination with respect to the Designated Materials is necessary, and any person being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the Designated Materials is necessary in connection with such testimony; persons to whom Designated Materials are disclosed pursuant to this subparagraph may not be permitted to retain copies of the Designated Materials;

       e.     any authorized representative of an insurer or other person providing or potentially providing indemnity with regard to the litigation, provided that any such person shall be advised that they are subject to the terms of this Order before being provided Designated Materials;

       f.     the author or recipient of the Designated Materials or a custodian or other person who otherwise possessed or knew the information contained or reflected in the Designated Materials;

       g.     court reporters and their staff, persons preparing transcripts of depositions, professional trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1) before being provided the Designated Materials; and

       h.     the District Court and its personnel.

5. Unless otherwise ordered by the District Court or permitted in writing by the Designating Party, the Receiving Party may disclose materials marked "HIGHLY CONFIDENTIAL" only to:

    a. Individuals described in Paragraphs 4(b)-(c), (e)-(h) above; and

    b. Designated in-house counsel (or their staff) of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit 1).

Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Order, or otherwise required by law. Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Order.

6. The recipient of Designated Materials provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summary or abstraction is reasonably necessary for purposes related to this lawsuit. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order, and labeled in the same manner as the Designated Materials on which they are based.

///

7. In the event a party deems it necessary or appropriate to disclose any Designated Materials to any person not specified in Paragraphs 4 or 5, that party shall notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made. The proposed disclosure shall not be made absent written permission of the Designating Party, unless the party wishing to make the proposed disclosure obtains an order from the District Court permitting the proposed disclosure. Counsel shall obtain from all persons to whom disclosures are made pursuant to this Paragraph 8 a written acknowledgement, substantially in the form of Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this Order, will comply with its terms in all respects enforceable by and subject to the jurisdiction of the District Court.

8. In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege, the party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall immediately notify the party to whom the inadvertent disclosure was made; the obligations of the Receiving Party are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

9. The Designating Party shall designate Discovery Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

a. for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), designation shall be made by placing the following legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material prior to production; if only a portion or portions of the material on a page qualifies for protection, the Designating

7
STIPULATED PROTECTIVE ORDER

7. In the event a party deems it necessary or appropriate to disclose any Designated Materials to any person not specified in Paragraphs 4 or 5, that party shall notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made. The proposed disclosure shall not be made absent written permission of the Designating Party, unless the party wishing to make the proposed disclosure obtains an order from the District Court permitting the proposed disclosure. Counsel shall obtain from all persons to whom disclosures are made pursuant to this Paragraph 8 a written acknowledgement, substantially in the form of Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this Order, will comply with its terms in all respects enforceable by and subject to the jurisdiction of the District Court.

8. In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege, the party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall immediately notify the party to whom the inadvertent disclosure was made; the obligations of the Receiving Party are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

9. The Designating Party shall designate Discovery Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

a. for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), designation shall be made by placing the following legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains protected material prior to production; if only a portion or portions of the material on a page qualifies for protection, the Designating

Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins);

  b. for testimony given in deposition, designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose protected material the deponent has had access. If a portion of a deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before the deposition is transcribed, the transcript containing or reflecting protected materials shall be bound in a separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. If a portion of a deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" during the course of a deposition, counsel may request all persons, except persons entitled to receive Designated Materials pursuant to this Order, to leave the room while the deposition is proceeding until completion of the answer or answers containing protected materials. If a portion of a deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the deposition is transcribed, counsel shall list on a separate piece of paper the page numbers of the transcript containing protected material and shall mail copies of the list to counsel for all parties within twenty (20) days after receipt of the certified transcript from the court reporter so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If no designation is received within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be

considered not to contain any Designated Materials; and

        c.    for information produced in non-paper media (*e.g.*, videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which in the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and the hard copy, transcription, or printout shall be treated as it is designated.

      10.    For any filings made in the District Court, the parties shall use their best efforts to include Designated Materials only when absolutely necessary and shall only file versions of sealed filings permitted by the District Court that redact any portions of those filings that contain or reflect Designated Materials. Until the District Court has ruled on a motion to seal, no materials containing Designated Materials proposed to be filed with the District Court under seal shall be disclosed to any person except as provided in this Order. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

      11.    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such information or items. If the information or items is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after it was initially produced, the Receiving Party, upon timely notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Order.

12. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation ("Challenging Party"), such party shall provide to the Designating Party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith pursuant to Local Rule 37-1 *et seq*. If the dispute cannot be resolved, the Challenging Party may file a motion requesting that the District Court determine whether the disputed material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Order. The Designating Party shall have the burden of proving that the information or item has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Discovery Material designated as Designated Materials shall retain this status until such time as either: (a) the parties expressly agree otherwise in writing, or (b) the District Court orders otherwise, unless such order is stayed pending appellate review.

13. In the event any Designated Materials are used in any proceeding in the District Court, they shall not lose their "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use.

14. If Designated Materials are disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

15. In the event any Receiving Party having possession, custody, or control of any Discovery Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal

proceeding the Discovery Materials, such Receiving Party shall promptly notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against such subpoena or other process or order. The Receiving Party shall be entitled to comply with the subpoena or other process or order unless the Designating Party has notified the Receiving Party prior to the production date identified in the subpoena or other process or order that it has filed a motion seeking to modify, quash, or otherwise prevent the disclosure of the information sought. The Designating Party will thereafter promptly inform the Receiving Party of the court's order on the subject motion so the Receiving Party can promptly comply with the terms of the order. Notwithstanding the foregoing or anything else in this Order, nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

16. Entering into, agreeing to, or producing or receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Order shall not:

    a.    operate as an admission by any party that any material designated by another party or non-party actually contains or reflects trade secrets or other confidential information;

    b.    reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or privileged from discovery;

*///*

*///*

1         c.     prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Order;

        d.     prejudice in any way the rights of any party to seek a determination by the District Court as to the appropriateness of a designation; or

        e.     prevent the parties from agreeing to alter or waive the protections or remedies provided in this Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both parties. No modification of this Order by the parties shall have the force or effect of a Court order unless the District Court approves the modification.

17.     This Order is without prejudice to the right of any party to seek relief, upon good cause shown, from any of the provisions contained in this Order.

18.     Nothing contained herein shall preclude a producing party or non-party from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

///
///
///
///
///
///
///
///
///

1 ///
2 ///
3 ///
4 ///
5 ///
6 ///
7 ///
8 ///
9 ///

19. After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein has been communicated or disclosed pursuant to the provisions of this Order.

20. All Designated Material subject to this Order shall be returned to the Designating Parties upon termination of this action (or, upon written permission by the Designating Party, destroyed). Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal. Upon such termination, counsel of record for the Receiving Party shall notify counsel for the Designating Party of compliance. Counsel for the Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Order from any person to whom such information has been given, and shall notify counsel for the Designating Party of the failure to retrieve any such information. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action one copy of pleadings and motions *however*, that such counsel may not disclose retained materials that contain Designated Materials to any other person and shall keep such retained materials in a manner reflecting their confidential nature.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 30, 2017    By:   /S/
                                  PLAINTIFF JAMES GENCARELLI, *IN PRO SE*

DATED: November 30, 2017　　MARTHA S. DOTY
　　　　　　　　　　　　　　CASONDRA K. RUGA
　　　　　　　　　　　　　　LISA GARCIA
　　　　　　　　　　　　　　**ALSTON & BIRD LLP**

　　　　　　　　　　　　　　/S/ _____
　　　　　　　　　　　　　　　　　　　Lisa Garcia
　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　TWENTIETH CENTURY FOX FILM
　　　　　　　　　　　　　　CORPORATION (Erroneously sued as 20th
　　　　　　　　　　　　　　Century Fox Film Corporation) and CHERNIN
　　　　　　　　　　　　　　ENTERTAINMENT, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: November 30, 2017　　　　　_____
　　　　　　　　　　　　　　　　　　　Hon. Andrew J. Wistrich

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of **JAMES GENCARELLI, v. TWENTIETH CENTURY FOX FILM CORPORATION, ET AL.** Case No. 2:17-CV-02818-ODW (AJW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
        [printed name]

Signature:_____