O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES GENCARELLI<br><br>Plaintiff,<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION; JIM GIANOPULOS, CEO; CHERNIN ENTERNTAINMENT, LLC; PETER CHERNIN, CEO; and JENNO TOPPING,<br><br>Defendants. | Case № 2:17-CV-02818-ODW (AJW)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES [45]; DENYING PLAINTIFF'S MOTION TO AMEND PLEADING [87]; DENYING PLAINTIFF'S MOTION TO BIFURCATE TRIAL [92]; AND DENYING PLAINTIFF'S MOTION TO ADD PARTIES TO COMPLAINT [106]** |

## I. INTRODUCTION

Plaintiff James Gencarelli brings this case alleging that he suffered damages relating to hearing loss when he worked as a background performer on Defendants' film set. Before the Court are Plaintiff's Motion to Strike Defendant's Affirmative Defenses[1] (ECF No. 45), Motion to Amend Pleading and Add Negligence Per Se (ECF No. 87), and Motion to Bifurcate Trial (ECF No. 92). For the reasons discussed below, the Court **GRANTS in PART** and **DENIES in PART** Plaintiff's Motion to Strike, (ECF No. 45) and **DENIES** Plaintiff's Motions for Leave to Amend Pleading,

---

[1] Plaintiff filed this Motion as "Opposition to Defendant's Affirmative Defenses," which the Court construes as a Motion to Strike Defendant's Affirmative Defenses. (ECF No. 45.)

to Bifurcate Trial, and to Add Parties.[2]  (ECF Nos. 87, 92, 106.)

## II.  BACKGROUND

Plaintiff worked as a background performer in Defendant Twentieth Century Fox Film Corporation's ("Fox") movie production of "The Greatest Showman" between January and March 2017.  (Third Am. Compl. ("TAC") ¶¶ 1, 8, ECF No. 38.)  Plaintiff alleges that, during his time working on the production, he was subjected to excessively loud music from speakers on the production set.  (*Id.* ¶¶ 7–8.)  Plaintiff alleges that this music exceeded the limits recommended by the Occupational Safety and Health Administration ("OSHA").  (*Id.* ¶¶ 12, 15.)  He alleges that, during exposure to the loud music, he did not receive auditory protection that would have prevented his injuries.  (*See id.* ¶¶ 16–17.)  Now, Plaintiff allegedly suffers from painful auditory injuries that require extensive medical treatment.  (*Id.* ¶ 18.)

Plaintiff is appearing in this case pro se.  He filed his Third Amended Complaint on August 1, 2017.[3]  (ECF No. 38.)  Fox answered, and Plaintiff now moves to strike Fox's affirmative defenses.[4]  (ECF Nos. 42, 45.)  Fox opposed Plaintiff's Motion to Strike on September 1, 2017, and Plaintiff replied.[5]  (ECF Nos. 63, 64.)

On October 30, 2017, Plaintiff moved for leave to file an amended complaint to

---

[2] After carefully considering the papers filed in connection with the instant Motions, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[3] Plaintiff filed his first Complaint on April 13, 2017 (ECF No. 1), and then filed a First Amended Complaint on May 8, 2017.  (ECF No. 9.)  Then on May 12, 2017, Plaintiff filed a document titled "Complaint."  (ECF No. 13.)  On July 31, 2017, the Court dismissed Plaintiff's operative complaint with leave to amend.  (ECF No. 37.)  Plaintiff then filed an "Amended Complaint" on August 1, 2017.  (ECF No. 38.)  The Court construes this pleading as Plaintiff's Third Amended Complaint.

[4] Plaintiff filed a document titled "Opposition to Defendant's Affirmative Defenses" which the Court construes as a Motion to Strike Fox's Affirmative Defenses.  (ECF Nos. 45, 46.)

[5] Plaintiff submitted an "Objection to Defendants' Allegation" on September 5, 2017, which the Court construes as a Reply.  (ECF No. 64.)

2

add a claim of negligence per se.[6] (Mot. to Amend, ECF No. 87.) Fox opposed the Motion on November 20, 2017, and Plaintiff replied on November 22, 2017. (ECF Nos. 96, 97.)

Further, Plaintiff moved (1) to bifurcate trial on November 8, 2017, and (2) to add parties to the case on January 2, 2018. (ECF Nos. 92, 106.)

## III. DISCUSSION

### A. Motion to Strike Affirmative Defenses

#### 1. *Legal Standard*

Federal Rule of Civil Procedure 12(f) allows a court, on its own or on motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Nevertheless, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings when justice requires. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

An allegation is redundant if it is "needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Immaterial" matters are those with no essential or important relationship to the pleaded claims or defenses. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). "'Impertinent' matter consists of

---

[6] Although Plaintiff claims his proposed amendment would be his second amended complaint, it would actually be his fourth.

statements that do not pertain, and are not necessary, to the issues in question." *Id.* "'Scandalous' allegations include those that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Motions to strike are appropriate when a defense is insufficient as a matter of law or as a matter of pleading. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-CV-09687-ODW, 2013 WL 1344831, at *1 (C.D. Cal. Apr. 2, 2013). An affirmative defense is insufficient as a matter of law when the court is convinced "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cty. of San Mateo*, No. 06–3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1999)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013). A detailed statement of facts is not required. *Id.*

In the Ninth Circuit, it is not entirely clear whether the heightened pleading standard of *Twombly/Iqbal* applies to affirmative defenses. *See, e.g.*, *Kohler*, 291 F.R.D. at 468 (discussing that "the Ninth Circuit has not yet adopted the *Twombly/Iqbal* pleading standard for affirmative defenses," and that "it is clear this point of law is unresolved."). While district courts have split on this issue, most have found that the heightened pleading standard does apply to affirmative defenses. *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. 2012) (collecting cases). Absent further direction from the Supreme Court or the Ninth Circuit, and consistent with this Court's prior orders, the Court will apply

the *Twombly/Iqbal* standard to affirmative defenses. *See, e.g.*, *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-CV-09687-ODW, 2013 WL 1344831, at *1–3 (C.D. Cal. Apr. 2, 2013) (interpreting *Iqbal* and *Twombly* to apply to affirmative defenses). Applying the *Twombly/Iqbal* standard to affirmative defenses serves an important purpose: requiring at least some valid factual basis for pleading an affirmative defense, and preventing defendants from adding defenses in an answer based on pure conjecture. *Id.* at *2.

2. *Analysis*

With these standards in mind, the Court now turns to the arguments raised by Plaintiff in his Motion to Strike. (Mot. to Strike, ECF No. 45.)

In its Answer to Plaintiff's TAC, Fox asserts eighteen affirmative defenses. (*See* Answer ¶¶ 21–38.) In his Motion to Strike, Plaintiff argues that Fox's affirmative defenses are insufficiently pled under the *Twombly/Iqbal* plausibility standard and asks the Court to strike all eighteen defenses. (Mot. to Strike 3.) Fox contends that the Court should deny Plaintiff's Motion because (1) Plaintiff failed to comply with Local Rule 7-3 and (2) its affirmative defenses having been adequately pled. (Opp'n 2–4, ECF No. 63.)

According to Local Rule 7-3:
> In all cases . . . counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, the counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

It is within the Court's discretion to refuse to consider a motion based on a party's noncompliance with Local Rule 7-3. *CarMax Auto Superstores Cal. LLC v.*

*Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (citation omitted). However, failure to comply with Local Rule 7-3 "does not automatically require the denial of a party's motion." *Id.* This is particularly true where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. *Id.*

In his Reply, Plaintiff concedes that he did not meet and confer with Fox prior to the filing of his Motion to Strike. (Reply 3, ECF No. 64.) Plaintiff contends that he was unsure of the practical application of Local Rule 7-3 at the time he filed his Motion to Strike. (*Id.*) While the Court could deny Plaintiff's motion solely based on Plaintiff's noncompliance, the Court declines to issue such a drastic sanction at this time. The Court therefore proceeds to consider the merits of Plaintiff's Motion.

In his Motion, Plaintiff contends that all of Fox's affirmative defenses fail to meet the *Twombly/Iqbal* pleading standard. (Mot. to Strike 3–4.)[7] Plaintiff addresses Fox's affirmative defenses numbered 1, 2, 3, 4, 5, 10, 17, 18 individually and the remainder of Fox's affirmative defenses collectively. (*Id.* at 4–7.) Fox stipulated to withdraw its fourth, tenth, and seventeenth affirmative defenses; thus, the Court need not address those defenses. (*See* Mot. to Strike 5, 6; Opp'n 6–7.)

**First Affirmative Defense**: **Failure to State a Claim**.

The Court **GRANTS** Plaintiff's Motion to Strike Defendant's First Affirmative Defense for Failure to State a Claim. Fox's first affirmative defense is a bare assertion that Plaintiff has failed to state a claim upon which relief can be granted. (Answer 5.) Plaintiff contends that Fox's first affirmative defense is "better understood as a denial of Plaintiff's allegations rather than as an affirmative defense." (Mot. 4.) The Court

---

[7] Plaintiff also asserts that some of Fox's affirmative defenses should be stricken in accordance "to law and the merits of the action." (Mot. to Strike 7.) On the basis that Plaintiff is attacking the legal sufficiency of these defenses, the inquiry for the Court is whether "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *S.E.C v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citation omitted). Here, Plaintiff has not offered any facts or arguments which suggest that these defenses are no longer in dispute or are meritless. (*See generally* Mot. to Strike) Therefore, the Court finds addressing the legal sufficiency of each defense is not warranted at this time.

agrees. "A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense." *Zivkovic v. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citation omitted). Further, failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense. For these reasons, the Court **STRIKES** Fox's First Affirmative Defense.

**Second Affirmative Defense: Failure to Pursue Workers Compensation**.

The Court **DENIES** Plaintiff's Motion to Strike Fox's Second Affirmative Defense. Fox alleges that Plaintiff is barred from recovery due to his failure to pursue his "exclusive remedy" of workers compensation. (Answer 5.) Plaintiff contends that Fox has not provided any factual allegations to support this defense and that he was employed by the "'theatrical casting agency' or the companies that furnished payroll.'" (Mot. 4.) However, Plaintiff's TAC alleges that he was "on the set of the movie during the months of January, February, and March 2017, as a background performer" for "8 + hours per day." (TAC ¶ 8.) Fox argues that these allegations plausibly support the contention that Plaintiff was an employee of Fox at the time of the subject incident. (Opp'n 5.) In its Answer in response to these allegations, however, Fox states that it "lacks information regarding the time during which Plaintiff was on set," which the Court construes as a denial of Plaintiff's allegation. (Answer 7–8); Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.") Based on Fox's denials, its affirmative defense asserting failure to pursue workers compensation must be in the alternative. *See* Fed R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically. . . .") While Fox did not expressly state the affirmative defense in the alternative, the Court will construe the defense as such. *See* Fed. R. Civ. P.8(e). Therefore, Plaintiff is on notice of the facts underlying Fox's Second Affirmative Defense and the grounds upon which this defense rests.

**Third Affirmative Defense: Lack of Proximate Causation**

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Third Affirmative Defense for Lack of Proximate Causation. A "proximate cause defense pleads matters extraneous to the plaintiff's prima facie case by showing that someone other than the named defendant proximately caused the sustained injuries." *G & G Closed Circuit Events, LLC v. Mitropoulus*, No. CV12-0163-PHX DGC, 2012 WL 3028368, at *1–2 (D. Ariz. July 24, 2012) (citing *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Here, however, Fox has not pled its proximate cause defense in a fashion that would qualify it as an affirmative defense. Rather than asserting that any other individual caused Plaintiff's injuries, Fox contends that Plaintiff is unable to "prove any facts showing that [Fox's] conduct was the proximate cause of the injury sustained." (Answer 5.) As a result, the Court **STRIKES** Fox's Third Affirmative Defense.

**Fifth Affirmative Defense: Failure to Mitigate**

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Fifth Affirmative Defense of Failure to Mitigate. Fox alleges that Plaintiff failed to mitigate his damages. (Answer 5.) Plaintiff argues that Fox gives no notice "of the basis of his alleged failure to mitigate." (Mot. to Strike 5.) In its response, Fox cites *Hunter v. Croysdill*, 169 Cal. App. 2d 307, 318 (1959), and argues that "the duty to mitigate one's damages is part of every personal injury action." Additionally, Fox contends that discovery will yield additional information in support of its mitigation defense. While this may be true, under *Twombly/Iqbal*, Fox is required to provide *some* factual basis in the pleading in order to support the plausible inference that Plaintiff did not, in fact, mitigate his damages. *See Ins. Co. of the State of Penn. v. Citizens of Humanity LLC*, No. SACV 13-01564 JVS, 2014 WL 12689271, at *5 (C.D. Cal. Feb. 24, 2014); see also *Ross v. Morgan Stanley Smith Barney, LLC*, Case No. 2:12-CV-09687-ODW, 2013 WL 1344831, at *2 (C.D. Cal. Apr. 2, 2013). Consequently, Fox's one-sentence defense stating "Plaintiff has failed to mitigate his damages, if

any, which are denied," is insufficient under *Twombly/Iqbal*. (Answer 5.) Therefore, the Court **STRIKES** Fox's Fifth Affirmative Defense.

**Sixth Affirmative Defense: Apportionment**

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Sixth Affirmative Defense of Apportionment. Fox's Sixth Affirmative Defense alleges that Plaintiff's injuries and damages were "proximately caused by the negligence, conduct and liability of Plaintiff, other persons or entities . . . ." and requests that an allocation of negligence be apportioned "among such other persons and entities . . . ." (Answer 6.) Fox fails to allege any actual "persons" or "entities" upon which they base their affirmative defense. Without this basic factual allegation, Plaintiff cannot ascertain the grounds for Fox's affirmative defense of apportionment and is thus deprived of fair notice. Accordingly, the Court **STRIKES** Fox's Sixth Affirmative Defense.

**Seventh Affirmative Defense: Superseding Cause**

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Seventh Affirmative Defense for Superseding Cause. As with the Sixth Affirmative Defense, Fox does not point to any actual superseding events on which they base this affirmative defense. Thus, the Court **STRIKES** Fox's Seventh Affirmative Defense.

**Eighth Affirmative Defense: Comparative Fault**

The Court **DENIES** Plaintiff's Motion to Strike Fox's Eighth Affirmative Defense for Comparative Fault. The Court finds that Fox's Eighth Affirmative Defense is sufficiently pled.

**Ninth Affirmative Defense: Proposition 51**

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Ninth Affirmative Defense. Fox's contends that liability is limited to provisions of Proposition 51, as set forth in California Civil Code sections 1431, 1431.1, 1431.2, 1431.4, and 1431.5, which relate to joint and several liability. (Answer 6.) Fox does not assert, however, how these provisions may operate as an affirmative defense, nor does it provide any facts as to who may be jointly or severally liable. As a result, the Court finds this

affirmative defense to be insufficiently pled. The Court therefore **STRIKES** Fox's Ninth Affirmative Defense.

### Eleventh Affirmative Defense: Contribution

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Eleventh Affirmative Defense. Fox asserts that it may be entitled to indemnification or contribution via another person or party. (Answer 7.) Fox fails to state any facts to support that it may be indemnified by another person or third party. Because Fox does not provide any factual basis to support this defense, the Court **STRIKES** Fox's Eleventh Affirmative Defense.

### Twelfth Affirmative Defense: Unavoidable Accident

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Twelfth Affirmative Defense. As an alternative to its contention that it is not liable for any wrongdoing, Fox asserts that Plaintiff's injury was caused by an unavoidable accident. (Answer 7.) According to California law, an assertion of an unavoidable accident is not an affirmative defense which needs to be pled in an answer. *See Butigan v. Yellow Cab Co.*, 49 Cal.2d 652, 658–59 (1958) (finding that "unavoidable accident is simply another way of saying the defendant is not negligent"). Accordingly, the Court **STRIKES** Fox's Twelfth Affirmative Defense.

### Thirteenth Affirmative Defense: Defendant Exercised Reasonable Care

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Thirteenth Affirmative Defense. Fox asserts that it exercised reasonable care under the circumstances. (Answer 7.) As noted above, defenses which simply attack or deny Plaintiff's prima facie case are not affirmative defenses and, thus, should be stricken. *See Zivkovic*, 302 F.3d at 1088. Accordingly, the Court **STRIKES** Fox's Thirteenth Affirmative Defense.

### Fourteenth Affirmative Defense: Willful Misconduct

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Fourteenth Affirmative Defense for Willful Misconduct. Fox contends that Plaintiff's action is barred due to

his "willful misconduct." (Answer 7.) The Court finds this affirmative defense to be duplicative of Fox's "unclean hands" defense, which Fox has stipulated to withdraw, and its "comparative fault" defense. Given that this defense is duplicative, the Court **STRIKES** Fox's Fourteenth Affirmative Defense.

### Fifteenth Affirmative Defense: Denial of Plaintiff's Injury

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Fifteenth Affirmative Defense. Fox simply denies Plaintiff was injured. (Answer 7.) As already established, denials of Plaintiff's allegations or attacking an element of a claim is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. The Court **STRIKES** Fox's Fifteenth Affirmative Defense.

### Sixteenth Affirmative Defense: Vexatious Litigation

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Sixteenth Affirmative Defense. Fox claims that Plaintiff's action "may be barred" pursuant to vexatious litigant statutes. (Answer 7.) Fox does not provide any factual basis for why this defense may be valid. The Court, therefore, **STRIKES** Fox's Sixteenth Affirmative Defense.

### Eighteenth Affirmative Defense: Reservation to Assert Additional Defenses

The Court **GRANTS** Plaintiff's Motion to Strike Fox's Eighteenth Affirmative Defense. Fox attempts to reserve its "right" to assert additional affirmative defenses during the course of discovery. (Answer 8.) "[R]eservation of rights is not an affirmative defense . . . [I]f discovery were to reveal the possibility of an additional affirmative defense, the [defendant] would either have to obtain a stipulation for leave to amend or file a motion seeking such leave." *Willson v. Bank of Am., N.A.*, No. C04-1465 TEH, 2004 WL 1811148, at *5 (N.D. Cal. Aug. 12, 2004). Accordingly, the Court **STRIKES** Fox's Eighteenth Affirmative Defense.

### B.     Motion to Amend Pleading

Plaintiff asks the Court for leave to file an Amended Complaint to add a claim of negligence per se. (Mot. to Amend, ECF No. 87.) Plaintiff claims that Fox

violated three different statutes by subjecting him to "dangerous high decibel sounds from speakers" on the set: (1) 29 C.F.R. § 1910.95;[8] (2) Cal. Labor Code § 6304.5; and (3) Cal. Code of Regulations § 5096. (Mot. to Amend, Ex. 1 ¶¶ 8, 20–24.) In its Opposition, Fox argues that the Court should deny Plaintiff's Motion to Amend because (1) Plaintiff fails to allege sufficient facts establishing an employee/employer relationship to subject Fox to any of these statutes, and (2) even if Plaintiff has sufficiently alleged such a relationship with Fox, he fails to allege a violation of any statute. (Opp'n 1, ECF No. 96.)

1.  *Legal Standard*

A district court's discretion to grant or deny leave to amend a complaint is subject to its sound discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, courts may grant leave to amend whenever "justice so requires." Fed. R. Civ. P. 15(a)(2). This Court analyzes the following factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Leave to amend need not be given under Rule 15 if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989).

2.  *Analysis*

In determining whether Plaintiff should be permitted leave to plead a claim for negligence per se, the Court first looks to whether his claim, as proposed, would be subject to dismissal. To succeed on a claim for negligence per se, Plaintiff would need to show that (1) Fox violated the statute, ordinance, or regulation of a public entity; (2) the violation proximately caused Plaintiff's injury; (3) the injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was

---

[8] In his Motion to Amend, Plaintiff cites "(OSHA) 1904.10(a)" but includes a link for 29 C.F.R. § 1910.95, the actual regulation he quotes.

designed to prevent; and (4) Plaintiff is of the class of persons for whose protection the statute, ordinance, or regulation was adopted. *Galvez v. Frields*, 88 Cal. App. 4th 1410, 1420 (2001).

Here, all three of the statutes upon which Plaintiff bases his negligence-per-se claim are only applicable to employers. *See* 29 C.F.R. § 1910.95; Cal. Labor Code § 6304.5; Cal. Code of Regulations § 5096. Plaintiff fails to allege any facts to establish whether he was an employee of Fox and/or Chernin Entertainment. Although Plaintiff alleges that he worked on Fox's movie set, he does not allege whether he was an actual Fox employee. (*See generally* TAC; Mot. to Amend.) Plaintiff merely alleges that "Defendants Chernin and 20th Century had complete control and authority in 'overseeing' the production of the movie as the distributor and production company." (Mot. to Amend, Ex. 1 ¶ 9.) Because Plaintiff fails to allege sufficient facts to establish that he is covered by the statutes he cites, his negligence-per-se claim is deficient. Accordingly, the Court **DENIES** Plaintiff's Motion to Amend his Complaint. (ECF No. 87.)

## C. Motion to Bifurcate Trial

Plaintiff also seeks to bifurcate the liability and damages phases of the trial. (Mot. to Bifurcate, ECF No. 92.) Plaintiff argues that the issue of liability and damages are "legally distinct" and that "intermingling" these issues might prejudice Plaintiff. (*Id*. at 4.)

### 1. *Legal Standard*

Under Federal Rule of Civil Procedure 42(b), a court may order a separate trial of one or more separate issues, claims, cross-claims, or third-party claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "Rule 42(b) merely allows, but does not require, a trial court to bifurcate cases 'in furtherance of convenience or to avoid prejudice.'" *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (*quoting* Fed. R. Civ. P. 42(b)). "Interests of efficient judicial administration are controlling, rather than the wishes of

the parties." *Baldwin Hardware Corp. v. Franksu Enters. Corp.*, No. CV 90–4919 WDK (BX), 1990 WL 357312, at *2 (C.D. Cal. Dec. 28, 1990). Thus, "the district court ha[s] broad discretion to order separate trials" and the exercise of that discretion will be set aside only if clearly abused. *United States v. 1,071.08 Acres of Land, Yuma & Mohave Counties., Ariz.*, 564 F.2d 1350, 1352 (9th Cir. 1977). If two issues are so interwoven that they "cannot be submitted to the jury independently … without confusion and uncertainty which would amount to a denial of a fair trial," then bifurcation is not appropriate. *Equal Employment Opportunity Comm'n v. Creative Networks, LLC,* No. CV 05-3032-PHX-SMM, 2010 WL 11519280, at *1 (D. Ariz. Apr. 14, 2010) (quoting *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 306 (9th Cir. 1961)). The burden is on the moving party to establish that bifurcation is warranted. *See Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

    2. *Analysis*

The Court finds that bifurcation is not warranted in this case. Plaintiff devotes the bulk of his briefing to arguing that judicial economy will be best served by bifurcation. (*See* Mot. to Bifurcate 4–7.) The Court is not persuaded by Plaintiff's argument. The issues of liability and damages are not so easily separable that bifurcation would advance judicial economy. *See United Air Lines, Inc. v. Wiener,* 286 F.2d at 306 (holding bifurcation inappropriate when the plaintiffs were asking for exemplary damages that depended upon the degree of culpability of the defendant). Furthermore, the Court finds that whatever efficiencies may be gained by bifurcation are offset by potential confusion of the issues, repetition of testimony, and increased expense and efficiency from conducting separate trials.

Accordingly, the Court **DENIES** Plaintiff's Motion to Bifurcate. (ECF No. 92.)

**D.     Motion to Add Parties**

The Court **DENIES** Plaintiff's Motion to Add Parties as untimely. Pursuant to the Court's Scheduling and Case Management Order, the deadline to hear Motions to Amend Pleadings or Add Parties is January 15, 2018. (ECF No. 76.) Under the Local Rules, Plaintiff would have had to file a noticed motion no later than December 18, 2017, to have had it heard by the deadline. *See* C.D. Cal. L.R. 6-1. Plaintiff did not meet this deadline. Therefore, the Court **DENIES** Plaintiff's Motion to Add Parties. (ECF No. 106.)

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 45) is **GRANTED in PART** and **DENIED in PART.** Fox's Affirmative Defenses numbered 1, 3, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 18 are hereby **STRICKEN** with leave to amend. Defendant shall file its amended answer on or before **February 5, 2018**. The Court **DENIES** Plaintiff's Motions (1) for leave to file an amended complaint (ECF No. 87), (2) to bifurcate trial (ECF No. 92), and (3) to add parties (ECF No. 106).

Finally, the Court strongly advises Plaintiff to seek the assistance of the Federal Pro Se Clinic, located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California, 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Plaintiff may visit http://www.cacd.uscourts.gov and follow the link for "Pro Se Clinic–Los Angeles" or contact Public Counsel at (213) 385-2977, extension 270.

///

///

///

While the Court has been lenient in accepting Plaintiff's filings that do not conform to this District's filing requirements, the Court will likely decline any further non-conforming filings. Plaintiff is encouraged to closely review this District's Local Rules, the Federal Rules of Civil Procedure, and this Court's Standing Order. Failure to comply with any of these could result in sanctions, including the Court striking filings and/or pleadings, or dismissing the case for lack of prosecution.

**IT IS SO ORDERED.**

January 11, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**