# United States District Court
# Central District of California

JAMES GENCARELLI,

               Plaintiff,

    v.

CHERNIN ENTERTAINMENT, LLC;
TWENTIETH CENTURY FOX FILM
CORPORATION,

               Defendants.

Case No. 2:17-cv-2818-ODW (PJWx)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [121]**

## I.  INTRODUCTION

Plaintiff James Gencarelli ("Plaintiff") brings this action *pro se*, alleging Defendants' negligence caused him to suffer hearing damage and tinnitus. Pending before the Court is Defendants' Motion for Summary Judgment, in which they argue that Plaintiff's negligence claim is preempted, that Plaintiff fails to present a genuine issue of material fact, and that they are entitled to judgment as a matter of law. For the following reasons, the Court **GRANTS** Defendants' Motion.[1] (Mot., ECF No. 121.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff was a background actor in the film "The Greatest Showman" ("TGS") and appeared as an extra on set approximately eleven times between December and March 2017. (Third Amended Complaint ("TAC"), ECF No 38; Mot. for Summ. J ("Mot.") 9, ECF No. 121-1.) Plaintiff maintains that the he suffered an auditory injury during his employment due to "dangerous high decibel sounds from speakers on the set of the movie." (TAC ¶ 8.) Defendant Twentieth Century Fox is one of six major motion picture production studios in the United States, and Defendant Chernin Entertainment, LLC is also a film and television production company located in the United States. (TAC ¶¶ 3, 4.)

Plaintiff filed the original complaint on April 13, 2017, and a First Amended Complaint on May 8, 2017, founded on Defendants' alleged negligence. (ECF Nos. 1, 9.) On May 12, 2017, Plaintiff filed another complaint without leave of Court, which the Court construed as a Second Amended Complaint. (ECF No. 13.) Defendants' responded by filing a Motion to Dismiss, which the Court granted. (ECF No. 37.) Plaintiff amended his complaint one day later to include a cause of action for gross negligence. (ECF No. 38.) The parties ultimately stipulated to dismiss the gross negligence cause of action. (ECF No. 60.) Defendants now move for Summary Judgment. (ECF No. 121.)

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact "might affect the outcome of the suit under the governing law," and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Thus, a court will grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out the material facts to which the moving party contends there is no genuine dispute. C.D. Cal. L.R. 56-1. Additionally, a party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "In determining any motion for summary judgment . . . the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

**IV.   DISCUSSION**

As an initial matter, the Court notes that Plaintiff failed to file a proposed Statement of Genuine Disputes pursuant to Local Rule 56-2. Although the Court is aware of Plaintiff's *pro se* status, his failure to file a Statement of Genuine Disputes, coupled with the fact that he does not otherwise dispute the material issues presented herein leaves the Court with no choice but to deem the presented issues undisputed.

Defendants move for summary judgment on the basis that Plaintiff was a special employee, and that his negligence claim is barred because worker's compensation is his exclusive remedy.

**A.   PREEMPTION UNDER CALIFORNIA LABOR LAW**

The California Workers' Compensation Act ("WCA"), provides that "[l]iability for the compensation provided by [the Act], in lieu of any other liability whatsoever . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . ." Cal. Lab. Code § 3600(a).

Compensation under the California Labor Code is the "sole and exclusive remedy of the employee or his or her dependents against the employer." Cal. Lab. Code § 3602(a). For the WCA to preempt a civil tort claim, the employee must be "performing service growing out of and incidental to his or her employment and . . . acting within the course of his or her employment." Cal. Lab. Code § 3600(a)(2).

**1.   GENERAL OR SPECIAL EMPLOYMENT RELATIONSHIP**

Prior to reaching the question of whether the WCA preempts Plaintiff's claims, the Court must determine the scope of the relationship between Defendant Fox and Plaintiff because the only substantive arguments raised concern the relationship between Plaintiff and Defendant Fox. Defendant Fox maintains that a special employer-employee relationship exists, and Plaintiff was a "special employee."

A "special employment" relationship arises when an employer lends an employee to another employer and relinquishes to the borrowing employer all right of control over the employee's activities. The borrowed employee is held to have two employers—his original or general employer and a second, the special employer. In this dual employer situation, the employee is generally limited to a statutory workers' compensation remedy for injuries he receives in the course of his employment with the special employer; he may not bring a separate tort action against either employer.

*Riley v. Southwest Marine, Inc.*, 203 Cal. App. 3d 1242, 1247–48 (1988) (internal citations omitted); *see also Kowalski v. Shell Oil Co.*, 23 Cal. 3d 168, 174 (1979) ("Where an employer sends an employee to do work for another person, and both have the right to exercise certain powers of control over the employee, that employee may be held to have two employers—his original or 'general' employer and a second, the 'special' employer.").

Although *Riley* and *Kowalski* explain special employment relationships in clear terms, the cases also provide additional guidance to assist in determining whether a special relationship exists. The "primary consideration is whether the special employer has the right to control and direct the activities" of the employee or "the manner and method in which the work is performed." *Kowalski*, 23 Cal. 3d at 175 (internal quotation marks and alterations omitted). Courts also consider whether an agreement existed between the general and special employer; "whether the employee is performing the special employer's work"; and "whether the borrowing employer's control over the employee and the work [performed] extends beyond mere suggestion of details or cooperation." *Riley*, 302 Cal. App.3d at 1250.

Here, the undisputed facts indicate that Defendant Fox oversaw production of TGS and exercised control over the means of production. Plaintiff's deposition testimony indicates Defendant Fox had complete control over Plaintiff's employment. (Decl. of Lisa Garcia ("Garcia Decl."), Ex. A (Pl.'s Dep.), 47:19–48:11, 53:10–14, ECF No. 121-2.) Specifically, Plaintiff admitted that Defendant Fox directed and

controlled his work from the moment he arrived on set, where he was checked in for pay purposes and directed to hair, makeup, and costume. (*Id.* at 43:13–44:6.) At the end of the day, Plaintiff reported to a Fox employee to turn in his pay voucher. (*Id.*)

The undisputed facts also indicate that Defendant Fox and Empire Casting Services ("ECS") entered into a Production Services Agreement ("PSA"), which contained, among other things, a clause providing the following: "ECS shall hereby provide the 'payroll support' for all atmosphere personnel as requested by Twentieth Century Fox" for TGS. (Decl. of Deborah Dyer ("Dyer Decl."), Ex. B, at 6, ECF No. 121-4.) The PSA also provided that "the status of ECS and personnel provided hereunder is that of employer, employee and Fox hereby accepts such personnel as a recipient of personnel services . . . ." (*Id.* at 7.) The agreement further indicates "[f]or the avoidance of doubt, Fox shall be the 'Special Employer' of all personnel provided hereunder and paid by ECS pursuant to the terms and conditions of this agreement." (*Id.*) The Agreement subsequently expressly indicates that ECS is the general employer. (*Id.*) Moreover, the payroll voucher ECS provided to Plaintiff at the end of each work day contained a provision expressly stating "[t]he production company shall have the exclusive right to exercise control over the wages, hours, and working conditions of [Plaintiff's] employment on The Production." (Garcia Decl., ¶ 3, Ex. B.)

In sum, the undisputed facts indicate that Plaintiff was a special employee of Defendant Fox, and a General Employee of ECS.

### 2. WHETHER PLAINTIFF PERFORMED INCIDENT TO HIS EMPLOYMENT

It is undisputed that Plaintiff performed incident to his employment, and his conduct was within the scope of his employment. Plaintiff and Defendant Fox agree that Plaintiff was on set as a background actor eleven times between December 2016 and March 2017.

Based on the foregoing, Plaintiff's negligence claim is barred by the WCA. However, the Act is not without exceptions.

**B.** **EXCEPTIONS TO THE EXCLUSIVE REMEDY PROVISION**

There are three exceptions to the exclusivity of workers' compensation. Pursuant to California Labor Code section 3602, the exclusivity provisions of the Workers Compensation Act do not apply if the employee's injury is (1) "caused by a willful physical assault by the employer"; (2) "aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment"; or (3) "caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person." Cal. Lab. Code § 3602(b). A plaintiff seeking exclusion from "the general sweep of the exclusive remedy of workers' compensation" must establish that one of these exceptions applies. *Behrens v. Fayette Mfg. Co.*, 4 Cal. App. 4th 1567, 1574 (1992).

Plaintiff did not raise any of the exceptions, but in the interest of completeness and with Plaintiff's *pro se* status in mind, the Court nonetheless examined the exceptions and concludes none apply. Thus, Plaintiff's negligence claim is preempted under the WCA.

Accordingly, no genuine issue of material fact exists, and Defendants are entitled to judgment as a matter of law.

### V.    CONCLUSION

For the above reasons, Defendants' Motion for Summary Judgment is **GRANTED**. (ECF No. 121.)  The Court shall issue judgment.

**IT IS SO ORDERED**.

January 18, 2019                                    _____

                                                                **OTIS D. WRIGHT, II**
                                                                **UNITED STATES DISTRICT JUDGE**